## CONNOLLY *vs.* POILLON.

An employer is responsible in damages to an employee, for an injury resulting from the employer's negligence.

The employee himself is bound to exercise all reasonable care and prudence, and if any injury results through his want of care, or through his own negligence combined with that of the employer, he has no right of action against the latter.

It is the duty of an employer to exercise care and prudence that persons in his employ be not exposed to unreasonable risks and dangers, and the employee has a right to understand that the employer will exercise that diligence in protecting him from injury.

Thus where the plaintiff, who was not a ship carpenter or joiner, or a mechanic of any kind, and knew nothing about the construction of scaffolding, or the forces it would be required to resist, was put into the hold of a gunboat, by his employer, a ship-builder, to remove the chips and rubbish underneath a scaffold; *Held* that he had a right to rely upon the superior knowledge of his employer, and upon his care and prudence that the scaffold was of sufficient strength to insure him against all harm.

*Held also,* that even though the plaintiff himself, in pursuance of his employer's orders, assisted in piling planks upon the scaffold, which fell, from the

Connolly *v.* Poillon.

weight so placed upon it, whereby the plaintiff was injured, he was not chargeable with negligence contributing to the injury, so as to defeat a recovery against the employer.

APPEAL by the defendant, from a judgment of the city court of Brooklyn, in an action to recover damages for a personal injury.

*G. T. Jenks,* for the plaintiff.

*Gilbert Dean,* for the defendant.

*By the Court,* BROWN, J.   The defendant is a ship-builder, and in August, 1861, was engaged in constructing the gunboat Winona for the government, at the foot of Bridge street in the city of Brooklyn.   In the progress of the work staging or scaffolding were placed, under the immediate direction of the defendant, across the vessel from side to side, about midway between the deck and the hold or bottom of the vessel. It was placed upon what the workmen termed spalls, which were cross-pieces of timber extending from side to side of the vessel, and upon which the planks for the scaffolding were laid, there being an upright support under the center of each spall, the ends of which were wedged against the sides of the vessel.   Heavy white oak knees were being put into the gunboat, and men were upon the scaffolding employed in driving and riveting iron bolts through the knees into her sides.   A short time before the occurrence which constituted the ground of the plaintiff's action, the defendant with his assistants had piled some plank or lumber upon the scaffolding which was there at the time.   Between the scaffolding and the bottom of the vessel there was a space of $4\frac{1}{2}$ feet in which the plaintiff was at work gathering chips and rubbish, by direction of the defendant, at the time he was injured.   While in this situation the scaffolding fell and was precipitated into the hold upon the plaintiff, who was taken out insensible and much injured.   Neither the spalls nor their upright supports

were crushed with the weight, and nothing was broken. The testimony left it in some doubt whether the scaffolding fell with the weight put upon it or from the blows given by the workmen while driving and riveting the bolts through the knees, canting and swaying the spalls from their places, or from both causes combined. There was evidence given that a few days previous much greater weight was put upon the scaffolding without dislocating or impairing its position and strength; and two of the witnesses, James Breen and Patrick Rock, testified that when the scaffolding gave way it fell aft, which seems to imply that it was swayed out of its position at the time it gave way. The plaintiff brought his action for the injury in the city court of Brooklyn, where he obtained a verdict. The defendant moved for a new trial, which was denied, and thereupon he appealed to this court.

The relation between the parties, of employer and employed, the injury done to the latter by the falling of the scaffold, and that it was erected under the immediate direction of the former, are facts not in dispute. Primarily the defendant's liability results from the existence of these circumstances; the presumption being that if the structure had been imperfectly and insufficiently made, for the uses to which it was applied, or overburthened with the weight of the lumber put upon it, or subjected to forces in driving and riveting the iron bolts, it would not have fallen upon the plaintiff. Evidence however was offered and received upon both sides tending to affirm and disaffirm the sufficiency of the structure. And the verdict of the jury must conclude the parties upon this question.

The point made by the defendant, upon his motion to dismiss the complaint, cannot be maintained. It assumes as the law of the case, that when an injury happens to an employee through the negligence of his employer, he is without remedy against the latter. It is doubtless true that the employer is not responsible in damages to one employed for the negligence of another. But his responsibility for his own negligence is settled by adjudicated cases. (*Ryan* v. *Fowler,*

Connolly *v.* Poillon.

24 *N. Y. Rep.* 410, *and the cases there referred to.*) The employee himself is bound to exercise all reasonable care and prudence, and if an injury result through his want of care, or through his own negligence combined with that of his employer, he has no right of action against the latter. In determining what would be negligence on the part of the workman, reference must be had to his limited means of knowledge, to his ignorance of the structures, machinery and processes upon which he is employed, and also to the fact that men whose business is the lowest forms of human labor are not given to thought and reflection and foresight. Some one must usually think and reflect and foresee for them. And therefore it is well said in *Noyes* v. *Smith,* (28 *Verm. Rep.* 59,) "that it is the duty of the master to exercise care and prudence that those in his employment be not exposed to unreasonable risks and dangers. And the servant has a right to understand that the master will exercise that diligence in protecting him from injury, and also in selecting the agent from which it may arise." In the present case Michael Connolly was not a ship carpenter or joiner. He was not a mechanic of any kind, and knew nothing about the construction of scaffolding or the forces which it would be required to resist. And when put into the hold of the gun-boat by the defendant to remove the chips and rubbish, he had a right to rely upon the superior knowledge of the latter, who was a ship-builder, and his care and prudence that the scaffolding was of sufficient and adequate strength to insure him against all harm.

It appeared by the evidence of Cornelius Poillon, the defendant, that he superintended all the work upon the yard and in building the vessels, and that the lumber or plank spoken of, which was piled upon the platform or scaffolding, had been upon the floor of the vessel. That when the hold was cleared of blocks and rubbish, the men at the work, including the plaintiff, piled the planks upon the platform. This of course was done by his direction. When the judge came to charge the jury the counsel for the defendant asked

him to instruct them that if the plaintiff aided in piling the plank on the platform or staging, and it fell from the weight of the plank, he was himself guilty of negligence which contributed to the injury, and could not recover. The judge declined so to charge, and the defendant excepted. This involves the same proposition to which I have already referred, and if I am right in thinking that the workmen were authorized to depend upon the care and superior knowledge of the defendant in the construction of the staging, it was no part of the business of the former, and the plaintiff is not chargeable with the negligence which would defeat his recovery in this action.

The order and judgment of the city court should be affirmed, with costs.

[KINGS GENERAL TERM, February 8, 1864. *Brown, Scrugham* and *Lott,* Justices.]