GEORGE H. BRENNAN, Appellant, *v.* READ GORDON, JR., et al.,
Respondents.

The duty devolves upon a master, before putting a servant, known to him to be unskilled, in charge of dangerous machinery, with the operation of which he is not acquainted, to instruct and qualify him for such new duty.

If for the purpose of instruction the master selects another servant in his employ, the latter must be, not simply as competent as the master, but absolutely competent; if he is incompetent or negligent while performing the duty of instructor, or if he discontinues his instruction before completion, and in consequence the promoted servant is injured, the master is liable.

In an action to recover damages for injuries received by plaintiff through the falling of an elevator which defendants had just put into their store, it appeared that plaintiff, one of defendants' porters, who had no previous experience or knowledge, was selected to run the elevator, a fellow servant being assigned to instruct him; while left in the elevator without his

instructor the accident happened. At defendants request the court charged, "If the jury find as matter of fact that the plaintiff was put under instruction of a competent instructor, and that he (the instructor) was as well acquainted as defendants with the nature and character of the service which he undertook to perform, he cannot recover." *Held,* error.

(Argued January 20, 1890; decided February 25, 1890.)

APPEAL from a judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made December 6, 1886, which affirmed a judgment in favor of defendants entered upon a verdict, and affirmed an order which denied a motion for a new trial.

This action was brought by the plaintiff to recover damages for personal injuries occasioned by the fall of an elevator.

The case has been twice tried. On the first trial the complaint was dismissed. This was reversed by the General Term and a new trial was ordered. (Reported below 13 Daly, 208.) On the second trial the jury rendered a verdict for the defendants, and this appeal is to review such judgment.

The defendants were a firm doing business in manufacturing preserves in the city of New York. The plaintiff had been in defendants' employment in such business as one of the porters for a long time prior to March 1, 1881, when this accident occurred.

In the month of February, 1881, the defendant caused to be erected and put into their building an elevator to be operated by steam, and to be used in carrying persons and goods to the various floors and lofts in the building. Henry Dillworth (who was a brother of the defendant William H. Dillworth) was general superintendent of the defendants' establishment, and exercised the functions of hiring and discharging employees in that business.

The defendants, knowing that the plaintiff had no acquaintance or skill in running said elevator, and had never before performed or attempted to perform such a service, informed him that they had selected him for that purpose, and that said Henry C. Dillworth, who had the requisite knowledge and experience, would instruct and qualify him.

The elevator was built and furnished to the defendants by the firm of Reedy & Co., who were doing a large business in that line. Mulcahy and Sanders, two employees of Reedy & Co. who had constructed the elevator, placed it and the apparatus in position and prepared it for use. It was claimed by the defendants that Mulcahy gave instruction to the plaintiff, at least in part, and there was some evidence tending to show that at times when the elevator was in operation carrying things from below to the floors above, and with which Mulcahy was engaged in respect to another elevator, or in making some changes in connection therewith, he had given the plaintiff, when he was with him in the car or elevator, some instructions in regard to running it.

The elevator had been used more or less on Monday, the 28th day of February, 1881, and was in use on the Tuesday succeeding, and at about five o'clock on this latter day, while the elevator was carrying three beams to the upper floor of the building, and at a time when the plaintiff, with another of the employees of defendants, was in the elevator, and just after two of the beams had been taken out at the third floor, leaving the third and longer beam with its lower end resting on the floor of the elevator and its upper end protruding beyond the top of the elevator, the elevator was started to the floor above. The elevator was stopped between the third and fourth floors in order to take out the third beam before the upper end of it should come against the roof, and while this was being done the elevator was either started by somebody, the evidence leaving it in some doubt who that person was, or was started without anyone's interference from some inherent defect in the machinery; and while thus moving up the upper end of the beam came in collision with the roof, which caused the cogs of the wheel upon the apparatus, one or more of them, to break, and thereby the elevator fell to the bottom with the plaintiff in the car, and by means of which the plaintiff was seriously injured.

Further facts appear in the opinion.

*Edward C. James* for appellant. Defendants are liable in this case, because Henry C. Dillworth was the plaintiff's instructor in the operation of the elevator, and *pro hac vice* represented them. (*Loughlin* v. *State*, 105 N. Y. 159, 162–3; *Crispin* v. *Babbitt*, 81 id. 516, 521; *Brennan* v. *Gordon*, 13 Daly, 208; *Scott* v. *L. D. Co.*, 3 H. & C. 596; *Lyons* v. *Rosenthal*, 11 Hun, 46; *Roberts* v. *Johnson*, 58 N. Y. 613; *Seybolt* v. *Railway Co.*, 95 id. 562–569; *Mullen* v. *St. John*, 57 id. 567; *Hill* v. *R. R. Co.*, 109 id. 239; *Gerlach* v. *Edelmeyer*, 15 J. & S. 292; 88 N. Y. 645.) To order an unskilled servant to do anything requiring skill, in respect to dangerous machinery, of the use of which he is ignorant, without first instructing him in its use, is negligence on the part of a master, rendering him liable to the servant for an injury incurred in attempting to obey his order. (*Lalor* v. *Railroad Co.*, 53 Ill. 401; *Railroad Co.* v. *Fort*, 17 Wall. 554; *Siegel* v. *Schwartz*, 2 T. & C. 353; *Connolly* v. *Poillon*, 41 Barb. 366; *Grizzle* v. *Frost*, 3 F. & F. 622; Wood on Mast. & Serv. §§ 349, 350, 444.) It was error on the part of the court to instruct the jury that the presumption that the master had discharged his duty, was not overcome by proving that some of the instrumentalities of the masters's business proved insufficient, and thus injury came to the one suing. It was also error to instruct the jury that the fact that machinery or appliances used in the prosecution of the business were defective or insufficient, "does not tend, even *prima facie*, to establish negligence on the part of the employer," and to instruct them that the master's want of care "cannot result as an inference from the circumstances that the materials or resources of the business were, in fact, defective." (*Gerlach* v. *Edelmeyer*, 15 J. & S. 292; 88 N. Y. 645.) The court had no right to submit questions to be answered if the jury found for the plaintiff, but not to be answered if they found for the defendants. No such practice is authorized by the Code. (Code Civ. Pro., §§ 1187, 1188; *Taylor* v. *Ketchum*, 5 Robt. 507, 514; *Moses* v. *Priest*, 19 Abb. Pr. 314; *Murray* v. *N. Y. L. Ins. Co.* 96 N. Y. 614, 621–622; *Ebersole* v. *N. C. R. Co.* 23 Hun,

114; *Maxwell* v. *Boyne,* 36 Ind. 120; *Crane* v. *Reeder,* 25 Mich. 303; *Doon* v. *Walker,* 15 Neb. 339; *Dempsey* v. *Mayor, etc.,* 10 Daly, 417.)

*E. H. Benn* for respondent. If there had been secret defects in the clutch or the machinery, the defendants, not being the manufacturers, could not be held even to warrant against such defects. (21 N. Y. 552, 555.) The elevator was of a kind in common and general use; they knowing of no defects, took all the care and precaution that could be required of them, and they would not be liable even if there was an unknown defect in the machinery. (*Probst* v. *Delamater,* 100 N. Y. 272; *Burke* v. *Witherbee,* 98 id. 562; *Fuller* v. *Jewett,* 80 id. 46; *Devlin* v. *Smith,* 89 id. 470; *Cooke* v. *Lalance,* 1 N. Y. S. R. 590; *Hudson* v. *O. S. Co.,* 110 N. Y. 625; *Marsh* v. *Chickering,* 101 id. 397.) If the accident was caused by what Harry Dillworth did in the business of taking up and unloading the beams, the defendants cannot be held liable, as in doing that work Harry Dillworth and the plaintiff were co-servants. (*Hussey* v. *Coger,* 112 N. Y. 614; *Loughlin* v. *State of N. Y.,* 105 id. 159; *Crispin* v. *Babbitt,* 81 id. 516.) That plaintiff was free from negligence, is a fact which plaintiff must prove in such actions even if there is no answer at all. There was no occasion for the allegation in the complaint. (*Lee* v. *T. C. G. L. Co.,* 98 N. Y. 119; *Hart* v. *H. R. B. Co.,* 84 id. 57; *Hale* v. *Smith,* 78 id. 480; *Caldwell* v. *N. J. S. Co.,* 47 id. 282; *Loser* v. *Buchanan,* 54 id. 492; *Crist* v. *E. R. Co.,* 58 id. 638.) The objections to what Mulcahy said were properly overruled for these reasons. (*Morton* v. *Gould,* 69 N. Y. 221; *McKeon* v. *See,* 51 id. 300; *Wood* v. *Kilpatrick,* 85 id. 414; *Atkins* v. *Elwell,* 45 id. 753.)

POTTER, J. This action is brought upon the theory that the plaintiff being inexperienced in the running of an elevator, and that to the knowledge of defendant, and that having been assigned by the defendant to perform this duty, the defendant was bound to qualify him for such service, and that in doing

so if the machinery was found to be defective or Henry Dill-worth, who was assigned as instructor for the plaintiff, was incompetent to perform this duty, or was negligent in his manner of performing it, and that by reason of the premises the plaintiff was injured, the defendants are liable to pay him the damage he had sustained.

The principles of law involved are well defined, and are not seriously controverted by the counsel upon this appeal. Those principles are, that a duty devolved upon the master of a servant hitherto in the capacity of a common laborer, before such laborer should be put in charge of dangerous machinery with which he is not acquainted, to instruct and qualify him for such new duty. (*Connolly* v. *Poillon*, 41 Barb. 366, 369; *Ryan* v. *Fowler*, 24 N. Y. 410; *Noyes* v. *Smith*, 28 Vt. 59; *Railroad Co.* v. *Fort*, 17 Wall. 553.)

That if the master selects a co-servant in his employment to instruct and qualify the servant for the new and more dangerous service, the master must select a competent instructor or be liable for his incompetency or his negligence while performing the duty of instructor, or for discontinuance of his instruction until it is completed, by which the promoted servant is injured, and if such is the case, the master will be liable for the injury, and it will be no defense that the injury was caused by one servant to his co-servant, for the servant whose negligence caused the injury stands for the master and the latter is liable in such case the same as if the injury was caused by the personal negligence of the master. (*Mann* v. *D. & H. C. Co.*, 91 N. Y. 500; Wood on Mast. & Serv. §§ 349, 350, 444; *Brennan* v. *Gordon*, 13 Daly, 208, 210, this case on former appeal; *Loughlin* v. *State of N. Y.*, 105 N. Y. 159, 162–3; *Railroad Co.* v. *Fort*, 17 Wall. 553.)

The questions in dispute in this case, therefore, are whether the person giving the instructions for the defendants to qualify the plaintiff to run and manage the elevator, properly performed that duty, or was himself guilty of negligence in starting the elevator, or leaving it in plaintiff's charge before he was qualified, or whether the machinery was imperfect in

Opinion of the Court, per POTTER, J.

any respect, and the defendants were negligent in selecting and putting it in use. If either of these conditions is shown to exist by proper and sufficient evidence to support it, the defendants would be liable to plaintiff for the injuries he sustained. It does not strike me that it can be reasonably claimed that the machinery was defective in starting up at the time the accident occurred from inherent defect and without somebody's interference. It was not intended to move and never had been known to move, unless the rope was applied to start it. The testimony in this case is abundant to show that somebody applied the rope to start the elevator up. The difficulty just here is that the evidence is too abundant, so much so that it is difficult from the superabundance of it to decide who it was that applied the rope to move the elevator up.

The case seems to have been tried upon the true theory to determine whether or not the defendants are liable, and if any mistrial has taken place it is owing to errors in the charge of the learned trial judge, or in receiving or rejecting testimony or in rulings in conducting the trial.

It is very evident, from a perusal of the case and the exceptions to the rulings upon the evidence, and the requests to charge and the exceptions thereto, that the trial was very closely contested, and it would be somewhat remarkable if a trial court, in the hurry and confusion incident to a trial conducted in this manner, should have avoided the commission of some error. In order to properly dispose of these exceptions, it is necessary to have a just understanding of the questions upon trial. They are whether Henry Dillworth was designated by the defendants as the instructor of the plaintiff to run and manage the elevator, and if so, whether he properly and sufficiently performed the duty thus devolved upon him by the defendants.

I think there was error in the charge of the court made at the request of defendant "if the jury find as matter of fact that the plaintiff was put under instruction of a competent instructor, and that the instructor was as well acquainted as defendants with the nature and character of the service which

he undertook to perform, he cannot recover." The jury could not otherwise understand this instruction than to mean that the defendants' whole duty to the plaintiff was performed when they assigned as competent an instructor to plaintiff as the defendants were. This was erroneous in two respects. The *degree* of the instructor's competency was gauged by the competency of the defendants. The plaintiff was entitled to have, and the defendants were bound to provide him with, an instructor competent to teach the art of managing an elevator, regardless of the competency of the defendants in that respect, and of which there was no proof whatever in the case. But the defendants were not only bound to furnish plaintiff with an instructor absolutely competent to manage an elevator, but the defendants were also bound to provide such an instructor for a reasonable length of time to teach the plaintiff how to manage the elevator, and that the instructor should be guilty of no negligence to the injury of the plaintiff while he was being instructed. These relations spring from the fact that during this period the instructor is doing the work and standing in the place of the defendants, the master.

There are other questions in the case deserving consideration upon this appeal, but I do not deem it necessary or worth the while to discuss them, having reached the conclusion that a new trial must be granted on account of the ruling already considered.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Haight and Parker, JJ., not sitting.

Judgment reversed.