(15 Misc. Rep. 251.)

### FERGUSON v. SMITH et al.

(Superior Court of Buffalo, General Term. December 23, 1895.)

MASTER AND SERVANT—NEGLIGENCE—DANGEROUS MACHINERY.

Defendant's foreman, wanting some wedges cut, directed an employé to show plaintiff, a boy of 15 years, who had worked in the mill but a few days, how to operate a buzz saw, with whose use the boy was unacquainted; and plaintiff's instructor, after telling him how to cut the wedges, cut several himself, and, after watching plaintiff cut some, told him he was all right, and went away. In attempting to cut another wedge, the board began to jump up and down, as, according to the evidence, it was apt to do when wet and knotty, and plaintiff's fingers came in contact with the saw. *Held*, that it was for the jury to say whether plaintiff was not sufficiently instructed in the use of the saw to avoid injury.

Appeal from trial term.

Action by George B. Ferguson, by guardian, against Marshall N. Smith and another, to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before TITUS, C. J., and HATCH, J.

Willis H. Meads, for appellants.
Harry D. Williams, for respondent.

TITUS, C. J. The defendants are owners of and operate a planing mill in this city, having a variety of such machines and appliances as are used in the business commonly carried on in such places. The plaintiff, a boy 15 years old, was given employment in

the mill. He was first set to pulling boards off of the planer, and after a day and a half at this work he was sent upstairs to work on a sandpaper machine. After working on this machine for about 10 days, the defendants' foreman, wanting some wedges cut, directed another employé, who was perfectly familiar with the use of the machine, to show the plaintiff how to use it. The machine was an ordinary buzz saw, about 10 inches in diameter, so adjusted under a table that it could be raised or lowered. The saw ran in a groove, and projected just far enough above the bed of the table to cut through an inch board, of which the wedges were made. An appliance called a "jack" was provided for the purpose of pushing the board onto the saw in the process of cutting. The boy says the man Ernst took him to the machine, and told him what he had to do to cut the wedges. He cut two or three, and then told the boy to try. The boy cut two or three wedges, and his instructor told him that was all right, and turned around and went off, leaving the boy alone. He then attempted to cut another, and the board and jack commenced to bob up and down, and the next thing he knew his fingers were cut off. He does not know, or at least does not tell more definitely, how the accident occurred. The saw was in plain sight. He knew what it was for, and that it was dangerous. No other instruction was given him. He had never worked around a machine before he went into the defendants' employ, and had no previous knowledge of how the machine was operated. The defendants now claim that the plaintiff should have been nonsuited, on the ground that the master had discharged the duty which he owed the plaintiff to properly instruct him how to operate the machine. This presents the only question in the case, as the defendants' counsel makes no point that error was committed by the trial judge in his rulings on the admission of evidence, or in his charge to the jury, or in his refusal to charge as requested by the defendants' counsel. The questions submitted to the jury were "whether or not the instruction given to the boy in the use of the machine was such as to fairly and adequately apprise the plaintiff of the nature of the operation of the machine, and of the dangers involved in it," and whether the plaintiff was himself guilty of negligence after knowing how to operate the machine. The principles of law involved in this case are elementary, and are not seriously controverted. It is the duty of the master, before he puts his servant, of immature years, in charge of dangerous machinery, with which he is unacquainted, to instruct him how to operate it, and to give him such instruction as will cause him to fully understand and appreciate the difficulties of his position, and of the necessity for the exercise of care and caution (Hickey v. Taaffe, 105 N. Y. 35, 12 N. E. 286), and when he is in possession of such information he assumes the risks of his employment, and, if he meets with an accident, he cannot recover (De Graff v. Railroad Co., 76 N. Y. 125). The defendants' negligence, if any, is in not giving the plaintiff that degree of instruction necessary to his full understanding of the danger attending the operation of the machine, and how it could be

operated so as to avoid such danger. Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810. The plaintiff's evidence shows that the instruction given the boy was of the most superficial character, and did not point out any of the dangers which were incident to the operation of the machine. The proof is that the saw would bind and stick in wet and knotty lumber, and would jump up and down, the way it did in this case; yet the plaintiff was entirely ignorant of these facts. If the danger was open and apparent, even though the plaintiff was inexperienced, he could not recover for an injury from such apparent danger; but we do not think the facts in this case present that question. The injury was received from the board bobbing up and throwing the plaintiff's hand onto the saw, because there is no evidence from which the conclusion can be reached that the plaintiff carelessly put his hand onto the saw. It seems to us that the court properly submitted the question of the defendants' negligence in not giving the boy proper instruction to the jury, and their finding, being supported by evidence, should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.