(23 App. Div. 1.)

### STRAUSS v. HABERMAN MANUF'G CO.

(Supreme Court, Appellate Division, Second Department.   December 7, 1897.)

1. INJURY TO EMPLOYE—NEGLIGENCE OF FOREMAN.
    The fact that a master furnishes a safe and suitable machine does not relieve him of responsibility for an accident to an unskilled employé who is set to work at it, where the injury was due to the fact that the foreman had fastened up and rendered useless a device necessary to the safe operation of the machine, and had thus thrust upon the employé a new and unusual danger, of which he was ignorant.

2. SAME—WHO IS FELLOW SERVANT.
    A foreman, while engaged in repairing or altering a machine by wiring-in a movable table, and giving suitable instructions to an unskilled employé in respect to its use, in performance of the duty of the master as his alter ego, is not a fellow servant, and for his negligence in either respect the master would be liable.

Appeal from special term.

Action by Morris Strauss against the Haberman Manufacturing Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Robert Thorne (Frank V. Johnson, on the brief), for appellant.
E. J. McCrossin, for respondent.

GOODRICH, P. J.   The action is brought to recover damages for personal injuries sustained by the plaintiff while working in the defendant's factory in November, 1895.   The plaintiff was operating a steam stamping machine used for making small tin covers, and while so engaged his hand was caught, and three fingers were cut off.   The plaintiff had been at work in the factory only two or three days when he was set at work on this machine by Tice, the defendant's foreman.   The machine has two corresponding dies, male and female.   The upper die is set on the bottom of a cylinder which has a vertical motion, coming down upon the lower die, on which the tin disk is placed for stamping.   The lower die is screwed on to a sliding platform, to which a handle is attached, and which may be drawn entirely out of the range of the movement of the upper die, so that the finished disk may be removed with perfect safety.   When the press is in use, a leather belting passes over a large wheel at the back of the machine, and keeps the wheel constantly revolving. There is, however, no continuous connection between this wheel and the cylinder, in order to operate which a treadle or lever at the bottom of the machine must be depressed by the foot, or otherwise. The operator places his foot upon the treadle, and a single pressure causes the upper die to descend in a single operation of falling and rising during a single revolution of the wheel.   A wire coil spring is attached by hooks to the treadle and to a rod above, which lifts and holds the treadle up, thus preventing the movement of the upper die whenever the foot pressure on the treadle is removed.   As long as the pressure on the treadle is kept up, the die continues to move up and down, and the same result follows when the spring is un-

hooked. The plaintiff, when first put to work, received some instructions from the foreman as to the operation of the machine, but soon after he began his work, for some reason or other, the foreman took away the sliding plate to which the lower die was attached, and when he replaced it, fastened it into the machine with wire in such a way that it could not be drawn out in order to remove the disk from the lower die, after stamping. The plaintiff had only worked a few moments, when the upper die came down three or four times in succession, catching his hand between the dies, and cutting off three fingers. There is evidence tending to show that he inserted the disk, and had placed his foot on the treadle for the first of the three or four descents, and had removed his foot, and that the subsequent descents resulted from the unhooking of the spring, which, as before stated, had the same effect as the removal of foot pressure on the treadle.

The duty of the defendant to provide a safe and suitable machine for the plaintiff, and to instruct him in its operation, is not disputed, but the defendant claims that it fulfilled both duties, and that the accident resulted from a sudden disarrangement of the machine, which was a detail of the operation for which it is not responsible, and that neither it nor its foreman had any knowledge or notice of that or any previous defect. The difficulty with this contention is that, while the machine, as originally constructed, is shown to have been suitable and proper, there was evidence tending to show that the defendant's foreman, by wiring into place the table designed to be drawn out when each disk was stamped, for the purpose of removing it, prevented the plaintiff from using the means of safe operation which the manufacturer had provided. This was denied by the foreman, but the question of fact was submitted to the jury. If it had appeared without contradiction that the foreman warned the plaintiff of the new and additional danger, even to a practiced workman, it might be said that the plaintiff would have been held to have taken the risk of his employment. We have, however, the case of a comparatively unskilled workman thrust into a new and unusual danger of which he claims to have been ignorant. The evidence justified the submission of this question to the jury, and their finding that the master had not furnished a safe and suitable machine to its servant.

Neither can it be said that the foreman was the fellow servant of the plaintiff. The case of Loughlin v. State, 105 N. Y. 159, 11 N. E. 371, points out the distinction between acts in which a foreman is the alter ego of the master, and cases where the negligence complained of is not the personal act or omission of the master, but of a co-servant, holding that it turns upon the character of the act or omission. If the co-servant whose negligence caused the injury was at the time representing the master in doing the master's duty, the latter is liable; if, on the other hand, the co-servant was simply performing the work of a servant, in his character as such, the master is not liable. See, also, Brennan v. Gordon, 118 N. Y. 494, 23 N. E. 810. Applying the principle of these authorities to the case at bar, the foreman, Tice, in repairing or altering the machine by

wiring-in the table, and in giving suitable instructions to the plaintiff after such alteration, was performing the duty of the master as his alter ego, and for neglect in either respect the master would be liable. Fox v. Le Comte, 2 App. Div. 63, 37 N. Y. Supp. 316; affirmed on the opinion of this court by the court of appeals, 153 N. Y. 680, 48 N. E. 1104. In two similar cases this department has held that the court properly submitted to the jury the question whether the defendant was guilty of negligence in placing the plaintiff at work upon a machine without warning him of the dangers which attended its operation. Borgeson v. Projectile Co., 2 App. Div. 57, 37 N. Y. Supp. 458; Latorre v. Stamping Co., 9 App. Div. 145, 41 N. Y. Supp. 99. The learned justice, at the trial of this action, fairly submitted to the jury the questions to which we have referred, and the jury has found these questions in favor of the plaintiff. We see no reason to disturb the judgment. We have carefully examined the exceptions, and do not see that any error to the injury of the defendant has been committed.

The judgment is affirmed. All concur.