(34 Misc. Rep. 474.)

McALEER v. WALTER et al.

(Supreme Court, Trial Term, Kings County. April, 1901.)

INJURY TO EMPLOYE—DEFECTIVE MACHINERY.

    A sewing machine of standard make was found, after certain repairs had been made, to be loose in the needle bar, so that the needle would strike the side of the plate through which it passed. An operator of a few months' experience made complaint to the foreman, and he, after examination, standing by her, directed her to try the machine again, when the needle broke, and a portion pierced her eye. *Held* to justify a recovery by the operator against her employer for the injuries received.

Action by Margaret McAleer, by Agnes Green, her guardian ad litem, against Walter & Bell, for personal injuries. Verdict for plaintiff, and defendants move for a new trial. Motion denied.

Dailey, Bell & Crane, for plaintiff.
Nadal, Smyth, Carrere & Trafford, for defendants.

HOUGHTON, J. The defendants manufacture bags. The plaintiff was employed as operator on a sewing machine. She was about 17 years old, and had been in the employ of the defendants some time, but had operated the machine only two or three months. The machine was of standard make, and the best in the market for that character of work. It was out of repair several weeks before, in such way that it would not sew properly, and had been brought back from the repair shop the day before the accident. It did not sew properly, however, the thread breaking continually; and the foreman was called and examined it, and called the machinist. The needle bar appeared to be loose, and the needle arm worn or loose. The machinist went away, remarking that he did not have the tools to fix it; and the superintendent, standing over plaintiff, directed her to try another bag and see if it would not work, which she did, and the needle broke, a portion piercing her eye. There was proof that if the needle bar and arm were loose the needle would not pass through the hole in the plate, but would strike the side, and be liable to break. The plaintiff said she did not know of this. The jury rendered a verdict for the plaintiff, and the defendants move for a new trial.

The question is presented whether the breaking of a needle under these circumstances shows negligence on the part of the defendants, or whether its breaking and flying in plaintiff's eye was such an unforeseen accident that, as matter of law, the defendants are not responsible, and whether the risk of its breaking was such a one as the plaintiff can be said to have taken as incident to her employment. There is evidence that the needle broke because the needle bar and arm were loose, thus allowing the needle to strike the side of the plate through which it passed. The negligence alleged consists, not in not furnishing a proper machine, but in allowing this condition to exist in a machine originally proper. The case therefore differs from Kelley v. Railway Co., 58 Hun, 93, 11 N. Y. Supp. 344, Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813, and kindred cases, relied upon by defendants, where the master

was held to have performed his duty towards his employé when he furnished a reasonably safe appliance. The facts are more nearly allied to those in Strauss v. Manufacturing Co., 23 App. Div. 1, 48 N. Y. Supp. 425, and the principles there enunciated more nearly applicable. The testimony shows that the needle was likely to break if this condition of the bar and arm existed. If it did break, it might do no harm, but pieces might fly and injure the operator. The plaintiff called the attention of the foreman to the fact that the machine did not work properly, and he, in turn, called the machinist, who saw the arm and bar were loose; but he had nothing to fix it with, and went away. The superintendent then directed the plaintiff to put in another bag and see if it would not work, which she did, and the accident happened. She says she knew nothing of the danger and that the needle was liable to break. While she had had some experience, it can hardly be said she had been a machine operator long enough to become an expert, so that she can, as matter of law, be said to have known as much about what would probably happen as the superintendent or machinist, and thus be held to have taken the risk of the needle breaking and injuring her. She obeyed the superintendent in making another trial. He should not have allowed her to attempt to run the machine in that state, or at least should have warned her of the danger. The accident was a peculiar one, but its peculiarity lies in the fact that a piece of the needle flew in the plaintiff's eye. The jury had the right to say, I think, that it was reasonable to apprehend that some kind of injury might come to one operating the machine in its then state, and thus that the plaintiff was entitled to damages. The motion for a new trial is denied. Additional allowance of 5 per cent. to plaintiff.

Motion denied.