## LEWIS v. KOLLER & SMITH, Inc.

(Circuit Court, S. D. New York. April 20, 1911.)

1. MASTER AND SERVANT (§ 155*)—INJURIES TO SERVANT—NEGLIGENCE—FAILURE TO WARN.

A master was not negligent in failing to warn an experienced carpenter of the liability of a box or case, forming one of a stack of three, to fall from another when the stack was pushed along the floor, as the master could presume that the servant had full knowledge of such danger: there being no obstruction that the cases would be liable to strike, and the only apparent danger of falling consisting of the tilting of the stack in process of movement.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 310: Dec. Dig. § 155.*]

2. NEGLIGENCE (§ 1*)—DEFINITION.

Negligence is the failure to do something which in the exercise of ordinary care ought to have been done, or the doing of something which in the exercise of ordinary care ought not to have been done.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743-4763: vol. 8, pp. 7729-7731.]

3. MASTER AND SERVANT (§ 149*)—INJURIES TO SERVANT—METHODS OF WORK.

Where there is a safe and unsafe way of doing certain work, and the master directs the employé to do it in the unsafe way, the danger of which the master knew or ought to have known, and the employé follows the master's directions in ignorance of the dangers of doing it that way and is injured, the master is liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 291-295; Dec. Dig. § 149.*]

4. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—PRESUMPTIONS.

Where a servant was injured by the fall of one of a stack of cases he was directed to move in a specified manner, negligence of the defendant in giving the directions as to moving the cases without instructions or warning as to the dangers could not be presumed, nor could it be inferred from the happening of the accident and the consequent injury, but must be proved affirmatively.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877-908; Dec. Dig. § 265.*]

5. MASTER AND SERVANT (§ 287*)—INJURIES TO SERVANT—DIRECTIONS—ACTS OF SUPERINTENDENCE—QUESTION FOR JURY.

Where plaintiff was injured by the fall of one of a stack of packing cases he was directed to move by a superintendent, whether the giving of directions as to how the stack should be moved was an act of superintendence within the New York employers' liability law (Consol. Laws, c. 31, §§ 200-204) was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 287.*]

6. MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT—ASSUMED RISK.

Plaintiff, an experienced carpenter, who had been a superintendent in the construction of buildings, was directed by defendant's superintendent to move a stack of cases by placing his back against the cases and ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tending his legs so as to move the cases by sliding them along the floor. There was no obstruction in the way, and while so engaged the top case fell and struck plaintiff's extended leg, causing the injury complained of. *Held*, that the danger was apparent, and that plaintiff assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

Action by William B. Lewis against Koller & Smith, Incorporated. On motion to set aside a verdict for defendant directed by the court. Denied.

Frederic Worthen Frost, for plaintiff.
Frank V. Johnson, for defendant.

RAY, District Judge. Plaintiff was employed by defendant to repair, fix up for shipping, and pack and box up cases of goods.

Defendant's shipping room was in a crowded condition, with cases piled in rows one upon another, with alleyways between. There was one window and an electric light near where the accident happened. The defendant had an order for a cabinet case which prior to shipment needed some changes by a carpenter or cabinet maker in line with the work the plaintiff was employed to do. The defendant's superintendent informed the plaintiff of the order, and that it was necessary to make some changes in and pack or box the cabinet ordered at once, or the defendant would lose the order. The plaintiff stated there was no room for him to do the necessary work in changing and boxing the cabinet. The superintendent told him to make room and showed him that by pushing back three cases of goods, piled the one upon the other, into a narrow space, on each side of which other cases were stocked, he could make the necessary room. The plaintiff asked how he should or could do this—that is, push back the three cases so piled one on the other—and the foreman showed him and told him he could do it by putting his feet against the side of the room and his back against the cases and pushing. The superintendent then went away. The plaintiff then attempted to push the three cases so piled into the open space indicated by placing his body as indicated and extending his legs so as to move such cases by sliding them on the floor, or by sliding the lower one, which carried the others, on the floor into such open space. While engaged in pushing said pile of cases or crates in the manner indicated, the top one fell or came off and struck plaintiff's extended leg, which was broken, and the plaintiff was laid up a long time, and suffered pain and has a permanent shortening of that limb. There is no proof as to how or why the top case fell off, except as we may infer from the nature of the work, the particular thing plaintiff was then doing.

These piled up cases containing the cabinets were each about 3 feet long, about 2 feet wide, and 22 inches high, making a total height of about 66 inches, or 5½ feet. There is no evidence they did not lie flat together, the one upon the other; that is, that the top one would be liable to fall off if the three were pushed along steadily and care-

fully on an even floor. There is no evidence of any obstruction in or on the floor to the free movement of the cases. The evidence is that the floor was smooth. It is evident that, if in pushing the cases along the lower one was tilted up, the top one would be liable to fall off; also that if the top one came in contact with a solid or stationary object, and the lower one was kept moving, the top one would be pushed off; also that a sudden, forcible push of the lower one might drive the lower ones from under the upper one, or that a striking of the one on the floor when in motion against an obstacle might cause the top one to topple over. How or why the top case fell off is matter of conjecture. There was no special, hidden, or concealed danger in doing what the plaintiff did, and no danger if ordinary care was used. The plaintiff was a carpenter and joiner and cabinet maker, and had been in the business many years. He says he had seen such a pile or stack moved before, but not by one person alone; that he had never alone moved such a pile or stack, or a similar one. If the plaintiff was ignorant of all the above-mentioned dangers, there is no evidence that the defendant or its superintendent knew of them or ought to have known of them or had reason to suspect their existence.

[1] I think it fairly may be presumed by the employer that an experienced carpenter and joiner knows how to move such a stack of cased goods and knows the liability of the one box or case to fall from another when the stack is pushed along on the floor. I do not see how it can be held negligence in an employer not to warn a carpenter and joiner and cabinet maker of the dangers mentioned, assuming them to exist, which I do and which I think is as much a matter of common knowledge as that a stone if left unsupported will fall to the ground or that to knock the foundation from under a building will cause it to fall. Was this superintendent negligent in giving the direction to do this work of moving these cases in this particular way?

If negligent in giving the order without warning of danger, was it an act of superintendence for which defendant is liable? There was no danger, so far as appears, in doing the work of moving this stack of cases in the mode directed if carefully and properly done; that is, the bottom case or cases must not be suddenly and with force pushed from under the top case. The lower case or cases must not be pushed along on the floor with an existing obstruction above preventing a corresponding movement of the top case. The bottom case as pushed along must not be brought suddenly against an obstruction. The cases must not be tilted up so as to allow the top one to slide off on the side occupied by the one moving them. Was the superintendent negligent in not warning the plaintiff of these ordinary and perfectly obvious dangers? There was no dangerous condition to remedy so far as the proof shows. There was no obstruction so far as appears to the free movement of the top case with the others and the lower one met no obstruction. There is no evidence that any such conditions caused the accident or contributed to it. [2] Negligence is the failure to do something which in the exercise of ordinary care ought to have been done, or the doing of something which in the exercise of ordinary care ought not to have been done. The defendant's superintendent did nothing affirmatively in moving the cases. As stated, the act

directed to be done, if carefully done, was safe enough. If carelessly or negligently done, there were dangers. The plaintiff was engaged in preparing a place in which to do certain work by moving therefrom certain boxed goods which were in the way. The place in which he was doing this work was safe enough. There were no defects, dangerous places, or obstructions to plaintiff's movements.

[3] If there is a safe way of doing certain work and an unsafe way, and the master, by his superintendent, directs the employé to do it in the unsafe way, the danger of which he knew or ought to have known, and the employé follows the directions given in ignorance of the dangers of doing it that way, and is injured, the master is liable. But even then there must be evidence that the servant was not as familiar with the dangers as the master or as the master ought to have been. If this plaintiff had been young or inexperienced, the case would be different. It was not negligence not to warn this plaintiff, a cabinet maker and carpenter of mature years and experience, that if in moving these three cases by pushing them along on the floor in the manner indicated he tilted them up the top one or ones might or probably would slide off; or that, if he pushed the lower one suddenly and forcibly, he might drive it from under the others and allow them to fall; or that, if the stop one came in contact with some stationary object while the others were moving, the top one would be pushed off. I think all these dangers were obvious to a person of mature years and ordinary intelligence, especially to a cabinet maker and carpenter and joiner. They were as well known to the plaintiff as to the defendant.

[4] Negligence of the defendant through its superintendent in giving the directions as to moving the cases without instructions or warnings as to the dangers cannot be presumed. Such negligence must be proved. Such negligence cannot be inferred from the happening of the accident and the consequent injury to the plaintiff. Assume it to be true that it was no part of the ordinary duties of the plaintiff to move such cases or to move things out of the way which interfered with his work in making changes in cases before shipment, still he assumed and undertook to do the work without objection and assumed the necessary risks incident to that work. [5] I think it clear that the giving directions as to how the stack should be moved was one of superintendence, or, at least, it was for the jury to say. Gallagher v. Newman, 190 N. Y. 444, 447, 448, 83 N. E. 480, 16 L. R. A. (N. S.) 146. If the act of giving directions without warnings or instructions as to possible dangers was, in any view, under the evidence, a negligent one, then this was a case for the jury as the question of contributory negligence under the employer's liability act is for the jury. If defendant's superintendent representing the defendant owed any duty to the plaintiff by way of giving warning of danger in doing this work, or further instructions as to the manner of doing it, then the case was for the jury. I cannot see that the jury under the evidence was authorized to find any such duty not performed. ·

[6] The plaintiff made no protest when told to move the stack of cased goods or suggested that he needed instructions or was ignorant.

It is the duty of an employer or his superintendent who has knowledge of a hidden or latent danger or defect affecting the safety of an employé to communicate such knowledge to him. Connolly v. Hall & Grant Construction Co., 192 N. Y. 182, 84 N. E. 807, reversing 117 App. Div. 387, 102 N. Y. Supp. 599. So a master who hires an inexperienced servant to work on a dangerous machine must instruct him in its operation and warn him of dangers in operating it, and is liable for the negligence of his superintendent in failing to instruct or warn such servant. Greco v. Pratt Chuck Co., 127 App. Div. 798, 802, 111 N. Y. Supp. 1000. However, this duty does not extend to instructions and warnings as to dangers in modes of doing work and dangers in doing work which are as obvious and well known to the servant as to the master or to giving warnings as to the dangers of doing work in a negligent manner. This plaintiff testified that he had been a superintendent in the erection and construction of buildings, and I think it obvious from the evidence he knew the dangers of doing the work in the manner in which he did it and assumed the risks of doing it in that way. I do not see that any question of an unsafe place in which to work is involved here.

There is no evidence of the existence of any obstruction to the movement of the stack of cases in or on the floor. There is no evidence that there was any obstruction above the floor to the movement of the stack of cases. The plaintiff was engaged in clearing a place already constructed in which to do certain work he had been instructed to perform. He found this stack of three cases incumbering the place which he desired to use in doing the contemplated work. The work of clearing this place consisted in moving this obstruction. He attempted to remove it by pushing it along on the floor. By reason of the movement given the stack, the top case fell off and injured the plaintiff. True, the place was not very well lighted, but it had the usual lights, and plaintiff had worked there a long time. The absence of a better light is not shown to have had anything to do with the accident.

I think this a case where a worthy man was severely and permanently injured while engaged in the performance of his duties to his employer, but that such injuries were due to an accident liable to occur growing out of the mode adopted for doing the particular thing being done when this accident occurred and the dangers of which were inherent in the mode, and, while known to the superintendent of the defendant who directed that the work could be done that way, were much better known to and understood by the plaintiff himself, who adopted that mode or way of doing the specific thing required to be done at the suggestion of defendant's superintendent, but with a full knowledge of the dangers he would encounter, and that the plaintiff voluntarily assumed the risks when he attempted to do the work in the way he did.

I do not see any theory on which the defendant can be held liable. Motion denied.